UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON SCOTT,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:22-CV-689-RLM-MGG |

OPINION AND ORDER

Aaron Scott, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-22-1-386) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of conspiring to commit battery on staff in violation of Indiana Department of Correction Offenses 102 and 111 and sanctioned him with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Mr. Scott argues that he is entitled to habeas relief because correctional staff didn't allow him to obtain statements from other inmates who were involved in the battery incident but were unidentified in the conduct report. The Warden responds that these other inmates were identified pursuant to a confidential investigation and that disclosing the identities posed a threat to the safety and security of the facility. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). But "[p]rison officials must have the necessary discretion to keep the hearing within

reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. Prison officials can also prevent an inmate from reviewing material, exculpatory evidence if its disclosure would present a risk to the security of the facility and the safety of those within it. Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003); Chavis v. Rowe, 643 F.2d 1281, 1286 (7th Cir. 1981).

According to the conduct report, Mr. Scott entered the victim's cell with "several other offenders." ECF 7-1. At screening, Mr. Scott requested witness statements from the unidentified inmates on whether he was involved with battering the victim. ECF 7-4. Correctional staff declined to disclose the identities of these inmates because they related to a confidential investigation of the battery incident. ECF 7-6. The court agrees that disclosure of the inmates' identities posed a risk to the security of the facility and those within it. The unidentified inmates may have attributed their identification by the investigator to the victim, which may have provided motivation to subject the victim to further attacks.

It's unclear why Mr. Scott didn't identify the witnesses himself in the witness requests rather than relying on correctional staff to disclose their identities. The administrative record reflects that he had some ability to identify inmate-witnesses on his own. The conduct report identified Inmate Carter as a witness, and, in his administrative appeal, Mr. Scott conceded that he was present at the victim's cell at or near the time of the assault for the purpose of meeting with the victim's cellmate, Zack, who was also Mr. Scott's friend. ECF 7-1; ECF 7-8. Moreover, it seems unlikely

that the unidentified inmates would have provided exculpatory witness statements based on the interviews described in the investigative file. ECF 9 at 10, 12, 14. Because correctional staff had a reasonable basis for declining to disclose the identities of other inmates involved in the battery incident, this claim is not a basis for habeas relief.

Mr. Scott doesn't need a certificate of appealability to appeal this decision, he because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Aaron Scott leave to appeal in forma pauperis.

SO ORDERED on January 24, 2023

                                           s/ Robert L. Miller, Jr.
                                           JUDGE
                                           UNITED STATES DISTRICT COURT